```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOWARD HADLEY and BARBARA HADLEY,
individually, and HOWARD HADLEY and
BARBARA HADLEY, as Parents and Natural          05-CV-6331T
Guardians of Infant Plaintiff HARRY HADLEY,

                    Plaintiffs,

          v.                                    DECISION
                                                and ORDER
RUSH HENRIETTA CENTRAL SCHOOL DISTRICT,

                    Defendant.
_____
```

INTRODUCTION

Plaintiffs Howard Hadley and Barbara Hadley, on behalf of their minor son Harry Hadley, ("Hadley") bring this action against defendant Rush Henrietta Central School District (the "School District") claiming that the defendant has violated their Constitutional rights. Specifically, plaintiffs contend that the defendant has violated their rights to freedom of religion by preventing Hadley from playing high school lacrosse because of his refusal, on religious grounds, to have a tetanus vaccination. Plaintiffs contend that a vaccination is inconsistent with their sincerely held religious beliefs, and therefore, the School District's requirement that participants in lacrosse be vaccinated violates their right to the free exercise of their religion. Plaintiffs also allege a violation of Hadley's right to an education under New York State Law.

By motion dated August 12, 2005, the defendant moves to dismiss plaintiffs' Complaint on grounds that the plaintiffs have failed to state a cause of action for the violation of a Constitutional right or Hadley's right to an education under New York law.  Specifically, the School District contends that because there is no Constitutional right to participate in extra-curricular sports, plaintiffs have failed to allege the deprivation of a constitutional right. With respect to plaintiffs' state law claim, defendant contends that because the right to an education under New York Law does not encompass the right to participate in extra-curricular activities, plaintiffs have failed to allege the deprivation of Hadley's right to an education under New York law.

By motion dated November 6, 2005, plaintiffs seek a preliminary injunction enjoining the defendant from prohibiting Hadley from participating in lacrosse because of his refusal to be vaccinated for tetanus.  The parties agreed to waive a hearing on plaintiffs' motion for a temporary injunction, and the motion was submitted to the court on the papers submitted by both parties.

For the reasons set forth below, I grant plaintiffs' motion for a preliminary injunction, and stay this action pending resolution of current administrative proceedings before the New York State Commissioner of Education.

BACKGROUND

Plaintiff Harry Hadley is currently a twelfth-grade student at Rush-Henrietta High School in Henrietta, New York. According to the Complaint, Hadley has participated in extra-curricular athletics, including lacrosse, since seventh grade. Although plaintiffs contend that Hadley participated without being immunized for tetanus, defendants contend that medical records indicate that despite the plaintiffs' current religiously-based opposition to vaccinations, Hadley had been immunized for tetanus in 1994.

In 1998, pursuant to New York State law, the plaintiffs applied for and obtained an immunization waiver from the defendant School District. The waiver allows Hadley to attend school without undergoing immunizations required of all other students in the State of New York. The waiver was granted pursuant to Section 2164(9) of the New York Public Health Law, which exempts persons who hold a sincere religious belief that requires abstinence from vaccinations from the immunization requirement. Pursuant to that waiver, Hadley has been permitted to attend school, including gym class, without undergoing all required immunizations.

In the Spring of 2005, despite having played lacrosse for several years, Hadley was informed by the School District that if he wanted to continue his participation in lacrosse, he would be required to have a tetanus vaccination. While the School District recognized that Hadley had been playing lacrosse for several years,

and that he was attending school pursuant to an immunization waiver, the District nevertheless insisted that Hadley be immunized on grounds that District policy required the vaccination. In support of this argument, the District relied on a handbook issued to all student-athletes which stated that "[i]t is strongly <u>recommended</u> that students have a tetanus vaccine every ten (10) years." (Emphasis added). The handbook further stated that "[t]he school physician may withhold sports clearance for a student whose tetanus is overdue."

During the spring of 2005, Hadley was allowed to practice indoors with the lacrosse team, but was not allowed to compete or practice with the team outdoors. During that time, the plaintiffs appealed the School District's decision to prohibit Hadley from participating in extra-curricular athletics to the New York State Commissioner of Education ("the Commissioner"). Based on information contained in the submissions, it appears that the issue on appeal before the Commissioner is whether or not the waiver from immunization contained in Section 2164(9)[1] of the New York Public Health Law applies not only to school attendance, but to participation in school-sponsored extra-curricular activities as

---

[1] Section 2164(9) of the New York Public Health Law provides that where a parent or guardian of a child holds "genuine and sincere religious beliefs" which are contrary to the requirement that a child attending school be immunized, the child may be exempted from the State's immunization requirement, and a certificate of immunization need not be presented to school officials as a prerequisite to school attendance.

well. Plaintiffs contend that the immunization waiver issued to Hadley applies both to his attendance in school and to his participation in school-sponsored extra-curricular activities. Defendant contends that the waiver merely allows Hadley to attend school, but does not give him the right to participate in extra-curricular sports without first being immunized.

## DISCUSSION

### I. Preliminary Injunction Standard

To be entitled to a preliminary injunction, a party must demonstrate: (1) that it is subject to irreparable harm; and (2) that it will either likely succeed on the merits of the case, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief. Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2nd Cir. 1979). I discuss these elements seriatim.

#### A. Irreparable Harm

In this case, the plaintiffs allege that Hadley will be subjected to irreparable harm if he is wrongfully prevented from participating in lacrosse during the final year of his matriculation in the Rush-Henrietta School District. I find that plaintiffs have sufficiently demonstrated that Hadley will suffer irreparable harm if he is wrongfully denied the opportunity to

participate in lacrosse.  This is Hadley's final year of school, and if he is wrongfully denied the opportunity to participate in school sports this spring, he will never have that opportunity to participate again.  See e.g. Ganden v. National Collegiate Athletic Association, 1996 WL 680000, *6-7 (N.D. Ill. November 21, 1996)(college swimmer who would have been deprived of opportunity to compete athletically as member of school's swimming team demonstrated that his exclusion form the team subjected him to threat of irreparable harm).

    B.    Existence of Serious Legal Questions going to the Merits of the Case

With respect to the merits of the case, I find that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation.  Though it is unclear as to whether or not the plaintiffs will ultimately succeed on the merits of their Constitutional and/or State law claims, plaintiffs do raise serious legal questions regarding the merits of their Constitutional and state law claims that constitute a fair basis for litigation.  Plaintiffs allege that the defendants are improperly construing State statutes and regulations in such a way that Hadley's Constitutional rights and rights under State law, are being violated.  If the plaintiffs' position that Hadley's immunization waiver applies not only to curricular but extra-curricular activities is correct, then plaintiffs may indeed have stated a cause of action for a violation of their rights under

State law and a violation of their rights to freedom of Religion under the First Amendment or due process under the Fourteenth Amendment to the Constitution.[2]

Defendant counters that because there is no Constitutional right to participate in extra-curricular sports, plaintiffs can not, as a matter of law, state a claim for the violation of a constitutional right based on defendant's refusal to allow him to participate in sports. However, even assuming without deciding that there is no Constitutional right to participate in extra-curricular sports, plaintiffs have raised serious legal questions regarding their rights under State law, and have raised serious questions as to whether their rights under the Fourteenth Amendment have been violated as a result of the defendant's decision to enforce as mandatory its recommended policy that all students receive a tetanus shot. For example, with respect to plaintiffs' federal claims, even if there is no Constitutional right to play extra-curricular sports, where a school district offers sports programs, the school district may not discriminate on an impermissible basis such as race, color or creed in determining who

---

[2] Although plaintiffs do not explicitly raise a due process claim in their Complaint, plaintiffs do allege violations of their rights under the Fourteenth Amendment, which, by its terms, protects persons from violations of their rights to due process by State actors. Moreover, because an answer to the Complaint has not yet been filed, plaintiffs may, as of right, amend the Complaint to explicitly include a Due Process cause of action should they so choose.

may participate in a sport. See Albach v. Odle, 531 F. 2d. 983, 985 (10th Cir. 1976)("The supervision and regulation of high school athletic programs remain within the discretion of appropriate state boards, and are not within federal cognizance under 42 U.S.C. § 1983 unless the regulations deny an athlete a constitutionally protected right or classify him or her on a suspect basis.")(emphasis added)

With respect to plaintiffs' claims that the waiver Hadley obtained to attend school should also allow him to participate in sports, there are strong arguments that support such an interpretation of the New York State waiver provision. For example, under federal law, participation in sports programs has been deemed so fundamental to the educational process that a sweeping, comprehensive anti-discrimination law was passed by Congress over thirty years ago to ensure, inter alia, that women had the same access to sports programs as did men at any institution that received federal funds. See Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 2061 et. seq. While the instant action does not involve sexual discrimination, the underlying principle of Title IX-that extra-curricular sports activities are a fundamental part of the education process-applies and suggests that under New York State law, a waiver to attend school without immunizations applies to participation in all aspects of the schooling process, including participation in extra-

curricular sports. See e.g. Brenden v. Independent School Dist. No. 742, 477 F.Supp. 1292, (8th Cir. 1973)("Discrimination in high school interscholastic sports constitutes discrimination in education.") I therefore find that there are serious legal questions going to the merits of the case that are a fair ground for litigation.

    C.    Balancing of Hardships

I find that balancing of hardships between the parties favors imposition of an injunction preventing the defendants from denying plaintiff the opportunity to participate in lacrosse because of his failure to receive a tetanus vaccination. Failure to impose such an injunction would result in irreparable harm to Hadley by preventing him from participating in lacrosse for the remainder of his high school career. Allowing Hadley a fair opportunity to participate, however, will not impose a significant burden on the School District or the school community. Plaintiffs have offered to provide the defendant with a full waiver of liability for any and all injuries resulting from his failure to receive a tetanus vaccination, and such a waiver shall be given by plaintiffs to the defendant as a condition of his participation in lacrosse or any other extra-curricular activity. Accordingly, the School District may not be held liable should Hadley contract any disease or suffer any injury as a result of his refusal to be vaccinated. Moreover, because tetanus is a bacterial infection, and not a disease that is

spread by human contact, there is no danger that it could be spread to other players, students, coaches, or teachers should Hadley contract tetanus.  See New York State Department of Health Index of Diseases, http://www.health.state.ny.us/nysdoh/communicable_diseases/en/tetanus.htm (last visited January 10, 2005)(explaining that "[t]etanus is contracted through a wound which becomes contaminated with the organism. It is not transmitted from person to person.").  Accordingly, I find that the balance of hardships in this case tips decidedly in favor of the plaintiffs.

   II.  Stay Pending Resolution of State Administrative
        Proceedings.

   In Railroad Commission of Tex. v. Pullman Co., 312 U.S. 496 (1941), the Supreme Court held that where a federal court is faced with a Constitutional challenge that turns on the interpretation of an undecided issue of state law, the federal court should defer ruling on the Constitutional issue if resolution of the state law or regulation in a pending state proceeding may moot the federal Constitutional issue.  See also Growe v. Emison, 507 U.S. 25 (1993)(stay of federal proceedings is required "when a constitutional issue in the federal action will be mooted or presented in a different posture following conclusion of the state-court case.")

   In the instant case there is a currently-pending proceeding before the New York State Commissioner of Education in which the

plaintiffs seek a ruling on whether or not a waiver granted pursuant to Section 2164 of the New York Public Health Law applies not only to school attendance, but to participation in extra-curricular activities as well. Resolution of that issue could very well obviate the need for a ruling on the Constitutional issues presented in this case, or, at the very least, will change the character of the constitutional issues presented. Accordingly, a stay pursuant to Pullman is appropriate. I therefore order that with the exception of the granting of plaintiff's motion for a preliminary injunction, this case shall be stayed pending a resolution of plaintiffs' proceedings before the New York State Commissioner of Education.

II.   Defendant's Motion to Dismiss

Pursuant to the stay of further proceedings discussed above, I deny defendant's motion to dismiss without prejudice to refile once the plaintiffs' proceedings before the New York State Commissioner of Education are completed.

CONCLUSION

For the reasons set forth above I issue the following INJUNCTION:

Defendant shall not deny plaintiff the opportunity to participate in any way on the high-school lacrosse team because of his failure to receive a tetanus vaccination.

I find no undertaking by the Plaintiffs is necessary under the circumstances, and therefore, I do not require plaintiffs to post any bond.

ALL OF THE ABOVE IS SO ORDERED.

            S/ Michael A. Telesca

            _____
              MICHAEL A. TELESCA
            United States District Judge

DATED: Rochester, New York
     January 10, 2006