UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOWARD HADLEY and BARBARA HADLEY,
individually, and HOWARD HADLEY and
BARBARA HADLEY, as Parents and Natural          05-CV-6331T
Guardians of Infant Plaintiff HARRY HADLEY,

                    Plaintiffs,

          v.                                    **DECISION
                                                and ORDER**

RUSH HENRIETTA CENTRAL SCHOOL DISTRICT,

                    Defendant.
_____


                    INTRODUCTION

     Plaintiffs Howard Hadley and Barbara Hadley, on behalf of
their minor son Harry Hadley, ("Hadley") bring this action against
defendant Rush Henrietta Central School District (the "School
District") claiming that the defendant has violated their
Constitutional rights.  Specifically, plaintiffs contend that the
defendant has violated their rights to freedom of religion by
preventing Hadley from playing high school lacrosse because of his
refusal, on religious grounds, to have a tetanus vaccination.
Plaintiffs contend that a vaccination is inconsistent with their
sincerely held religious beliefs, and therefore, the School
District's requirement that participants in lacrosse be vaccinated
violates their right to the free exercise of their religion.
Plaintiffs also allege a violation of Hadley's right to an
education under New York State Law.

By motion dated August 12, 2005, the defendant moved to dismiss plaintiffs' Complaint on grounds that the plaintiffs have failed to state a cause of action for the violation of a Constitutional right or Hadley's right to an education under New York law.  Specifically, the School District argued that because there is no Constitutional right to participate in extra-curricular sports, plaintiffs failed to allege the deprivation of a constitutional right.  With respect to plaintiffs' state law claim, defendant argued that because the right to an education under New York Law does not encompass the right to participate in extra-curricular activities, plaintiffs failed to allege the deprivation of Hadley's right to an education under New York law.

Thereafter, on November 6, 2005, plaintiffs sought a preliminary injunction enjoining the defendant from prohibiting Hadley from participating in lacrosse because of his refusal to be vaccinated for tetanus.  By Order dated January 10, 2006, I granted plaintiffs' request for a preliminary injunction, and stayed these proceedings pending resolution of an administrative proceeding before the New York State Commissioner of Education in which the parties were seeking clarification of their rights under New York State Law.  However, shortly after the injunction was issued, the plaintiffs inexplicably withdrew their complaint before the New York State Commissioner of Education, thus preventing the Commissioner from ruling whether or not an immunization waiver

issued pursuant to Section 2164(9) of the New York Public Health Law (which allows children to attend school without being immunized if their religious beliefs prohibit immunization) applies not only to school attendance, but to participation in school-sponsored extra-curricular activities as well.

Defendants now renews its motion to dismiss on grounds that the plaintiffs have failed to state a cause of action for the deprivation of a constitutional right.  For the reasons set forth below, I grant defendant's motion to dismiss.

## BACKGROUND

The following background information was set forth in my January 10, 2006 Decision and Order.  At that time, plaintiff Harry Hadley was a twelfth-grade student at Rush-Henrietta High School in Henrietta, New York.  He has since graduated from High School, and thus no longer attends Rush-Henrietta High School.  According to the Complaint, Hadley had participated in extra-curricular athletics, including lacrosse for several years.

In accordance with their religious beliefs, the plaintiffs do not believe in immunizations.  In 1998, pursuant to New York State law, the plaintiffs applied for and obtained an immunization waiver from the defendant School District.  The waiver allowed Hadley to attend school without undergoing immunizations required of all other students in the State of New York.  The waiver was granted

pursuant to Section 2164(9)[1] of the New York Public Health Law,
which exempts persons who hold a sincere religious belief that
requires abstinence from vaccinations from the immunization
requirement.  Pursuant to that waiver, Hadley had been permitted to
attend school, including gym class, without undergoing all required
immunizations.

In the Spring of 2005, despite having played lacrosse for
several years, Hadley was informed by the School District that if
he wanted to continue his participation in lacrosse, he would be
required to have a tetanus vaccination.  While the School District
recognized that Hadley had been playing lacrosse for several years,
and that he was attending school pursuant to an immunization
waiver, the District nevertheless insisted that Hadley be immunized
on grounds that District policy required the vaccination.  In
support of this argument, the District relied on a handbook issued
to all student-athletes which stated that "[i]t is strongly
recommended that students have a tetanus vaccine every ten (10)
years." (Emphasis added). The handbook further stated that "[t]he
school physician may withhold sports clearance for a student whose
tetanus is overdue."

---

[1] Section 2164(9) of the New York Public Health Law provides
that where a parent or guardian of a child holds "genuine and
sincere religious beliefs" which are contrary to the requirement
that a child attending school be immunized, the child may be
exempted from the State's immunization requirement, and a
certificate of immunization need not be presented to school
officials as a prerequisite to school attendance.

During the spring of 2005, Hadley was allowed to practice indoors with the lacrosse team, but was not allowed to compete or practice with the team outdoors. During that time, the plaintiffs appealed the School District's decision to prohibit Hadley from participating in extra-curricular athletics to the New York State Commissioner of Education ("the Commissioner"). Based on information contained in the parties submissions, it appears that the issue on appeal before the Commissioner was whether or not the waiver from immunization contained in Section 2164(9) of the New York Public Health Law applies not only to school attendance, but to participation in school-sponsored extra-curricular activities as well. Plaintiffs contend that the immunization waiver issued to Hadley applies both to his attendance in school and to his participation in school-sponsored extra-curricular activities. Defendant contends that the waiver merely allows Hadley to attend school, but does not give him the right to participate in extra-curricular sports without first being immunized.

## DISCUSSION

### I.   Defendant's Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all

factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief.  Ferran v. Town of Nassau, 11 F.3rd 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II.  Constitutional Claims

Plaintiffs allege in Counts I and II of their Complaint that the defendants have violated their rights under the United States Constitution to Equal Protection and free exercise of religion. Defendants contend that because the plaintiff does not have a right to participate in extracurricular sports, and because the policy of requiring immunizations is a rational, neutral policy that does not discriminate on its face against any person or class of persons, plaintiffs can not, as a matter of law, state a claim for the deprivation of a constitutional right.

It is firmly established that there is no constitutional right to participate in extracurricular sporting activities.  Mazevski v. Horseheads Central School District, 950 F.Supp. 69, 72 (W.D.N.Y. 1997)(Larimer, C.J.); Angstadt v. Midd-West School Dist., 377 F.3d 338, 344 n. 2 (3rd Cir., 2004).  It is axiomatic, however, that

once a school offers such activities to its students, it may not discriminate against participation in such activities on the basis of race, religion, gender, or any other impermissible classification.  Palmer v. Merluzzi, 689 F.Supp 400, 407 (D. N.J. 1988)(opportunity to participate in extracurricular activity may not be hampered by discriminatory selection of participants).

In this case, plaintiffs contend that the School District's policy of requiring lacrosse players to have tetanus shots has a discriminatory impact on students whose religious convictions prohibit the administration of such immunizations.  When a law or rule that is neutral on its face is challenged because it allegedly has a discriminatory impact on a protected class of persons, courts will uphold the law as long as there is a "rational basis" for the adoption of the law or rule.  See Gregory v. Ashcroft, 501 U.S. 452, 470-471 (1992)("In cases where a classification burdens neither a suspect group nor a fundamental interest . . . ." court will not overturn a duly enacted law or rule "'unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational.'")(citation omitted).  In establishing that there is a "rational basis" for enacting a law or rule the government need only demonstrate that there is a "reasonably conceivable state of

facts that could provide a rational basis" for the law or rule at issue. <u>Angstadt</u>, 377 F.3d at 345.

I find that the School District has established that there is a rational basis for requiring lacrosse players to undergo a tetanus immunization. The school has stated that out of its responsibility for ensuring student safety, if required students who participated in outdoor sporting activities where a risk of tetanus was present, to become immunized against the disease. That explanation constitutes a rational basis for adopting the policy of requiring tetanus immunizations, and therefore, I find that adoption of the policy did not violate Hadley's constitutional rights to equal protection or free exercise of his religion.

III. <u>State Law Claims</u>

Pursuant to 28 U.S.C. 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. Because the federal claims of plaintiffs' Complaint have been dismissed with prejudice, I decline to exercise jurisdiction over plaintiff's remaining state law cause of action. <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)(authorizing district court to dismiss state and common law claims for lack of jurisdiction when all federal claims have been dismissed).

<u>CONCLUSION</u>

For the reasons set forth above, I find that plaintiffs have failed to state a claim for the violation of a constitutional right.   Accordingly, I grant defendant's motion to dismiss plaintiffs' Complaint with prejudice.


ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
    MICHAEL A. TELESCA
United States District Judge


DATED:    Rochester, New York
          April 25, 2007